**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 26-cv-26085-EA**

**Miguel Antonio Amaya Amaya**,

Petitioner,

v.

**Warden, Krome North Service Processing Center, *et al.*,**

Respondents.
______________________________________/

## ORDER DISMISSING PETITION AS MOOT

**THIS CAUSE** comes before the Court upon Respondents' Motion to Dismiss [ECF No. 5]. Petitioner Miguel Antonio Amaya Amaya filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on September 3, 2026 [ECF No. 1]. At the time he filed the Petition, Petitioner was detained at Krome North Service Processing System in Miami, Florida [ECF No. 1 p. 1]. Respondents informed the Court that Petitioner was released from custody on September 20, 2026 [ECF No. 5 p. 1]. In light of that development, the Petition is hereby **DISMISSED AS MOOT**.

### Background

On September 3, 2026, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus challenging his immigration detention at Krome North Service Processing Center in Miami, Florida [ECF No. 1 pp. 1–2]. Specifically, Petitioner alleged that his extended detention without a bond hearing was unlawful and requested that this Court either order a bond hearing or release him from custody [ECF No. 1 pp. 1–2].

On October 1, 2026, the Court entered an Order directing both parties to brief the Court's Subject Matter Jurisdiction over Petitioner's claims [ECF No. 4]. Respondents then filed a Motion to Dismiss the Petition on October 5, 2026, informing the Court that Petitioner "was released on voluntary departure" and is "not in the custody of the United States," and requested this matter to be dismissed as moot [ECF No. 5 pp. 1–2].

**Discussion**

"Article III of the Constitution vests federal courts with the 'judicial Power' to decide 'Cases' and 'Controversies.'" *First Choice Women's Resource Cntrs., Inc. v. Davenport*, 608 U.S. ---, 146 S. Ct. 1114, 1121 (2026) (citing U.S. Const. Art. III, sec. 2, cl. 1); *see also Deakins v. Monaghan*, 484 U.S. 193, 199 (1988) ("Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants" (citations omitted)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings" and requires that parties have a continuous "personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)) (quotation marks omitted).

A "case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Fla. Assoc. of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000) (citations omitted); *see also Powell v. McCormack*, 395 U.S. 486, 496 (1969). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give [a party] meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (citation omitted).

"As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody." *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289 (11th Cir. 2019) (citations omitted); *see also Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1243 n.2 (11th Cir. 2002)

(ruling that a petitioner's deportation rendered his challenge to his immigration detention moot because his "detention . . . ceased with [his] return to Egypt," leaving the court "unable to provide him with any relief, let alone meaningful relief"). This is because a "district court lacks the power, on mootness grounds, to decide a case if its decision cannot affect the rights of the litigants in the case." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted).

In his Petition, Petitioner sought only a bond hearing and release from his immigration custody [ECF No. 1 pp. 1–2]. However, Petitioner has since been released from custody [ECF No. 5 pp. 1–2]. Since Petitioner is no longer in custody, this matter no longer "presents a live case or controversy." *Salmeron-Salmeron*, 926 F.3d at 1289. Further, Petitioner was granted the very relief he sought in his Petition: therefore, no decision by this Court would materially "affect the rights of the litigants in this case." *Nyaga*, 323 F.3d at 913. As a result, the Court lacks jurisdiction over this action, mandating dismissal. *Soliman*, 296 F.3d at 1242 (noting that "dismissal [of a moot case] is required because mootness is jurisdictional," meaning that "[a]ny decision on the merits of a moot case or issue would be an impermissible advisory opinion" (citations omitted)); *see also Nyaga*, 323 F.3d at 913 ("[A] case must be dismissed as moot if the court can no longer provide 'meaningful relief'").

**Conclusion**

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition [ECF No. 1] is **DISMISSED AS MOOT**.
2. Respondents' Motion to Dismiss [ECF No. 5] is **GRANTED**.
3. All pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.
4. The Clerk of Court is instructed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 26 October 2026.

**ED ARTAU**
**UNITED STATES DISTRICT JUDGE**

Copies Served:

**Miguel Antonio Amaya Amaya, *pro se***
A# 235456321
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, Florida 33194

**Francisco Armada**
United States Attorney's Office
Civil Division
500 East Broward Boulevard
Suite 700
Fort Lauderdale, FL 33394
Email: francisco.armada@usdoj.gov

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov